UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

WILLIAM COLON

                                        Plaintiff,

               -against-

CITY OF NEW YORK, VINCENZO TRABOLSE,
NICHOLAS PALLOTTO, Individually, KENNETH
GREENE, Individually, and JOHN AND JANE DOE
1through 6, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

 

Plaintiff WILLIAM COLON, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

<u>**JURISDICTION**</u>

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

<u>**VENUE**</u>

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff WILLIAM COLON is a twenty-four-year-old male resident of the State of New York, Richmond County.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, VINCENZO TRABOLSE, NICHOLAS PALLOTTO, KENNETH GREENE, and JOHN and JANE DOE 1 through 6, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12.    On September 28, 2018 at approximately 1:30 p.m., plaintiff WILLIAM COLON was present in his residence located at 11 Cottage Place, Apt. 2L, Staten Island, New York.

13.    Then as now, plaintiff suffers from significant medical conditions including, but not limited to, scoliosis, insulin dependent diabetes, diabetic neuropathy, Mauriac syndrome, asthma, gastritis, PTSD, agoraphobia, depression and anxiety.  Plaintiff weighs approximately eighty-five pounds and is four foot eight inches tall.

14.    At the aforementioned time, plaintiff and his brother, who is not a party to this action, were lawfully present in their home when defendant officers attempted to unlawfully enter their apartment through a key-locked private entrance.

15.    Defendant officers did not have a warrant, permission, or other legal authority, and there were no exigent circumstances or any other lawful justification to enter plaintiff's residence.

16.    Finding the door locked, defendant officers proceeded to bang on plaintiff's door and told him to come outside.

17.    Despite repeated requests for information, no defendant officer would tell plaintiff what was happening.

18.    A defendant officer believed to be TRABOLSE and hereinafter referred to as TRABOLSE proceeded to threaten plaintiff, in sum and substance, that he would have the door broken down if plaintiff kept the officers "locked out."

19.    In direct response to this threat, under duress, plaintiff opened the door a few inches and stood in the opening, between the door and the frame.

3

20.     Defendant officers again asked plaintiff to come outside but would not tell him why.

21.     Then without warning or justification, TRABOLSE reached into plaintiff's apartment and forcefully shoved plaintiff backwards, further into his apartment.

22.     Said defendant then rushed into plaintiff's apartment with defendant JOHN DOE 1 following shortly thereafter.

23.     As he rushed into plaintiff's apartment, TRABOLSE grabbed plaintiff, dragged him to a bed by his wrists, and pinned him to the bed by bracing his elbow with his weight behind it into plaintiff's chest.

24.     Plaintiff and his brother repeatedly told the defendant officers that plaintiff has medical issues, but they were ignored, and defendants acted in reckless disregard of plaintiff's health and serious medical needs.

25.     Defendant JOHN DOE 1 joined TRABOLSE with each now holding one of plaintiff's wrist and pinning him down to the bed.

26.     Plaintiff was not a threat to the defendants, himself or anyone else, and was pinned down in a position of total subservience, with his hands open and his palms up.

27.     Despite this, TRABOLSE threatened plaintiff by pointing his Taser at plaintiff's head multiple times.

28.     During this time approximately seven additional NYPD defendant officers arrived and also crowded into plaintiff's apartment, surrounding the bed and directly participating in the ensuing actions against plaintiff or failing to intervene despite having a meaningful opportunity to do so.

29.     Approximately three of these defendant officers, surrounded by the others,

4

including TRABOLSE, aggressively threw plaintiff around, pulled him up off the bed, pushed him back down onto the bed, roughly grabbed him and put pressure on his body, and then rear handcuffed him, causing him pain throughout his body.

30.     While plaintiff was being held down, including at one point by the neck, TRABOLSE punched plaintiff multiple times in the back and the side and then discharged his Taser an undetermined number of times into the plaintiff's back and/or side.

31.     This brutal and needless use of force caused the plaintiff to briefly lose consciousness.  Defendant officers lifted the plaintiff off the bed in this state.  Plaintiff was initially unable to support his own weight when pulled up by the defendants.

32.     Defendants removed plaintiff from his home wearing nothing but sweatpants and did not provide him with shoes or other clothing appropriate for the weather at any time.

33.     Defendant officers did not seek medical attention for plaintiff despite having discharged their Taser and witnessing clear signs of medical distress.  Instead, plaintiff was imprisoned in a police vehicle and transported to the 121st Police Precinct.

34.     At the 121st Police Precinct, defendant officers brought plaintiff before a desk sergeant and then put him in a holding cell.

35.     Plaintiff was beginning to experience symptoms of dangerously high blood sugar, including, but not limited to, dizziness, nausea, dehydration, and aches in his bones, and an ambulance was finally called.

36.     From the 121th Police Precinct, plaintiff was transported by ambulance in handcuffs and leg shackles, wearing nothing but the sweatpants he was arrested in, to Richmond University Medical Center for medical treatment for injuries sustained as a result of the defendant officers unwarranted use of force.

5

37.     Plaintiff was diagnosed with diabetic ketoacidosis and admitted to the medical Intensive Care Unit.

38.     Plaintiff remained shackled to his hospital bed for the duration of his admission.

39.     As a direct result of plaintiff's shackling to a hospital bed, his medical condition and treatment were negatively impacted.  Amongst other effects, plaintiff had to be treated with additional medication, a blood thinner for deep vein thrombosis, as he was not allowed to remove the shackles and ambulate.

40.     Plaintiff was medically cleared on October 1, 2018, but remained imprisoned in police custody, shackled to the hospital bed without cause, until October 2, 2018.

41.     Defendants had processed plaintiff's arrest and endorsed the criminal complaint on which plaintiff was to be arraigned on September 28, 2018.

42.     Without justification, and in violation of federal and state law, and the NYPD's own patrol guide provisions, plaintiff was nonetheless unlawfully held in police custody for five days, until October 2, 2018, when plaintiff was arraigned remotely, while still shackled to his hospital bed, on Richmond County Criminal Court Docket No. 2018CCA27322, which included charges brought maliciously by the defendants of, *inter alia*, Resisting Arresting and Obstructing Governmental Administration in the 2nd Degree.  Plaintiff was thereafter released on his own recognizance.

43.     Defendant officer NICHOLAS PALLOTTO swore to false allegations that plaintiff was Resisting Arresting and Obstructing Governmental Administration in the 2nd Degree by, amongst other allegations, flailing his arms and body and "violently" jerking his body, which formed the basis of the criminal charges filed against plaintiff.  Said false information and evidence was used against plaintiff and formed the basis of these charges filed

against plaintiff.

44.     The defendant officers initiated said prosecution of those two charges with malice, and otherwise caused the prosecution to be commenced against plaintiff without probable cause.

45.     The malicious prosecution remained an open and public criminal court matter until November 5, 2018, on which date all the allegations of the defendant officers were dismissed and sealed on the prosecutor's motion.

46.     As a result of the above referenced actions, plaintiff sustained, without limitation, substantial pain and suffering, including loss of consciousness, severe diabetic symptoms requiring a multiple day inpatient hospitalization, Taser wounds, muscle weakness, vomiting, pain, swelling, contusions, headaches, and emotional distress.

47.     Defendants TRABOLSE, PALLOTTO, GREENE, and JOHN and JANE DOE 1 through 6 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

48.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

49.     All of the aforementioned acts deprived plaintiff WILLIAM COLON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

50.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

7

attendant thereto.

51.      Defendants TRABOLSE, PALLOTTO, GREENE, and JOHN and JANE DOE 1 through 6 owed a duty to plaintiff to ensure his safety in their custody and recognize and respond to medical needs in manner which would not cause injury to plaintiff.

52.      Defendants TRABOLSE, PALLOTTO, GREENE, and JOHN and JANE DOE 1 through 6 breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

53.      Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54.      All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of falsification, use of excessive force, prolonged and unnecessary use of physical restraints, delayed hospital arraignments, insufficient training in the use of Tasers, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

55.      The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse to avoid discipline for their unlawful conduct.

56.      For instance, in another civil rights action filed in this court involving false

allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

57.     Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at https://www1.nyc.gov/assets/doi/press-releases/2015/oct/pr_uofrpt_100115.pdf.   Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.   The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."   The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

58.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to civilians.   Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.   This failure caused the officers in the present case to violate the plaintiffs' civil rights.

59.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.   Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

60.     As a result of the foregoing, plaintiff WILLIAM COLON sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful Entry 42 U.S.C. § 1983 against Defendant Officers)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants entered 11 Cottage Place, Apt. 2L, Bronx, New York without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

63.     As a result, plaintiff's right to be free from an unlawful entry via the Fourth Amendment was violated.

64.     As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendant Officers)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

66.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff WILLIAM COLON'S constitutional rights.

67.     As a result of the aforementioned conduct of defendants, plaintiff WILLIAM COLON was subjected to excessive force and sustained serious physical injuries and emotional

distress.

68.     As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants created false evidence against plaintiff WILLIAM COLON.

71.     Defendants utilized this false evidence against plaintiff WILLIAM COLON in legal proceedings.

72.     As a result of defendants' creation and use of false evidence, plaintiff WILLIAM COLON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

73.     As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 against Defendant Officers)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     The individually named defendants had an affirmative duty to intervene on behalf

of plaintiff WILLIAM COLON, whose constitutional rights were being violated in their presence by other officers.

76.     The individually defendants failed to intervene to prevent the unlawful conduct described herein.

77.     As a result of the foregoing, plaintiff WILLIAM COLON was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

78.     As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

79.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff WILLIAM COLON.

81.     Defendants caused plaintiff WILLIAM COLON to be prosecuted without probable cause until the charges were dismissed and sealed on or about November 5, 2018.

82.     As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

85. As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against the City of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

88. The aforementioned customs, policies, usages, practices, procedures and rules of defendant CITY OF NEW YORK via the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff WILLIAM COLON'S rights as described herein. As a result of the failure of CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF

NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

89.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff WILLIAM COLON'S.

90.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff WILLIAM COLON as alleged herein.

91.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff COLON as alleged herein.

92.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff WILLIAM COLON was unlawfully arrested, unlawfully imprisoned for an extended period of time, maliciously prosecuted, subjected to prolonged use of physical restraints and excessive force, including without limitation, the use of a Taser, and subjected to deprivation of his right to fair trial.

93.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff WILLIAM COLON'S constitutional rights.

94.     All of the foregoing acts by defendants deprived plaintiff WILLIAM COLON of federally protected rights, including, but not limited to, the right:

A.      To be free from unlawful entry into the home;

        B.      To be free from excessive force;

        C.      To be free from the violation of the right to fair trial;

        D.      To be free from failure to intervene; and

        E.      To be free from malicious prosecution.

95.    As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

96.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

98.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

99.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

100.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

101.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York against Defendant Officers and City of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    As a result of the foregoing, plaintiff WILLIAM COLON was placed in apprehension of imminent harmful and offensive bodily contact.

104.    As a result of defendant's conduct, plaintiff WILLIAM COLON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

105.    The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

106.    As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York against Defendant Officers and City of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Defendants made offensive contact with plaintiff WILLIAM COLON without

16

privilege or consent.

109.    As a result of defendants' conduct, plaintiff WILLIAM COLON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

110.    The individually named defendants battered plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

111.    As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York against Defendant Officers and Defendant City of New York)

112.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff WILLIAM COLON.

114.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

115.    Defendants caused plaintiff WILLIAM COLON to be prosecuted without probable cause until the charges were dismissed on or about November 5, 2018.

116.    As a result of the foregoing, plaintiff WILLIAM COLON is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff WILLIAM COLON.

119.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

120.    As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Upon information and belief, the defendant CITY OF NEW YORK failed to use

18

reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

123. As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

124. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

126. Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*

127. As a result of the foregoing, plaintiff WILLIAM COLON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff WILLIAM COLON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
        September 20, 2019

                         BRETT H. KLEIN, ESQ., PLLC
                         Attorneys for Plaintiff WILLIAM COLON
                         305 Broadway, Suite 600
                         New York, New York 10007
                         (212) 335-0132

                         By:   _____
                               BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

WILLIAM COLON                                                           Index No.

                                           Plaintiff,

       -against-

CITY OF NEW YORK, VINCENZO TRABOLSE,
NICHOLAS PALLOTTO, Individually, KENNETH
GREENE, Individually, and JOHN AND JANE DOE
1through 6, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                     Defendants.

--------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132